Ruffin, C. J.
 

 The decree, continuing the injunction to the hearing, was erroneous, we think. The established rule of the Court is, that a preliminary injunction, granted
 
 ex parte
 
 upon the bill alone, is to be dissolved upon an answer, fully denying the facts upon which the bill raises the plaintiffs’ equity. In the present case, the answer could not be more direct, unequivocal, full, and, apparently, founded on probable truth, than it is.. It is nearly incredible, that the defendant could have been carrying on dealings on his own account, of the character imputed to him, for so long a period, without the knowledge and, therefore, the presumed concurrence of the plaintiffs, who were residing in the immediate neighborhood, and who had a personal agency in some of the cases, in which joint securities were taken for debts due to the .plaintiffs
 
 *107
 
 and those due also to the defendant. At all events, the answer is positive, that the plaintiffs well knew of those transactions, and not only acquiesced, but they approved of them. The charge in the bill, that the plaintiffs lost a number of debts, which are mentioned, because their debtors became insolvent by reason of “ the outrageous usury,” which the defendant had practised on them, is of such a character, that it cannot be answered with any precision, nor be acted on by the Court. Pleaders ought to be aware that in judicial proceedings epithets avail nothing ; and that the Court requires
 
 facts
 
 to bo alleged and proved as tlie grounds of relief. The bill sets forth nothing, whereby it can be seen that the defendant perpetrated usury in a single instance ; and, therefore, even if the matter itself would entitle the plaintiffs to relief, if property stated, we do not require an answer to that part of the bill, it is to be remarked, however, that the defendant does answer it as far as he can; that is, by a denial in general terms, similar to those in which the allegation was made. When the allegations are precise, in respect to particular acts of negligence or unfaithfulness in respect to deeds of trust and the like, the answer meets the bill fully. And it states, that the debts, lost by the plaintiffs through the insolvency of customers, were not greater than must be expected in such extensive dealings ; on which, upon a capital of about $8000, the defendant in four years made for the plaintiffs and paid over to them, upwards of $8,000 clear profit, after returning the stock. And it further states, Avith respect to losses from persons, Avho Avere debtors to both the plaintiffs and the defendant, that the losses of the latter Avere fully equal to those of the plaintiffs, in proportion to their debts. The justice of the debt recovered at law by the defendant cannot be contested, and there is nothing in the transactions embraced in these pleadings, (according to the answer, at all events,) on Avhich the plaintiffs ought to be relieA’ed from any part of it. Therefore, the
 
 *108
 
 injunction ought
 
 to
 
 have been dissolved with costs in the Court of Equity. That will be accordingly certified: and the plaintiffs must pay the costs in this Court. •
 

 Per Curiam.
 

 Decree accordingly.